**UNITED STATES of America**

v.

**Carmine TRAMUNTI et al., Defendants.**

**No. 73 Cr. 1099.**

United States District Court,
S. D. New York.

May 28, 1976.

Robert B. Fiske, Jr., U. S. Atty. by Thomas E. Engel, Thomas M. Fortuin, New York City, for United States.

Robert L. Ellis, New York City, for defendant Mamone.

MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

In an opinion and order of this date, I denied a motion for a new trial in this case

D.C., 425 F.Supp. 342. The basis for that motion was an allegation of unlawful intrusion by the government into attorney-client communications by means of an alleged sham defendant, Joseph Marchese.

There is a second motion for a new trial which rests upon the identical legal principals but involves different factual allegations. It is claimed that New York State Special Prosecutor, Maurice Nadjari, conducted electronic surveillance of the home, office, and telephone of one of the defense counsel. It is further alleged that one or more of the intercepted conversations relates to the *Tramunti* trial and had been turned over to the United States Attorney by the Special Prosecutor.

Before passing on the need for an evidentiary hearing, I am directing the United States Attorney to hand up for *in camera* review any notes, recordings, transcripts or other surveillance, electronic or otherwise, of the homes, office, or telephones of any defense counsel during the period of time from the original *Tramunti* indictment until the verdict of the jury. Such material should be accompanied by the affidavits setting forth the date and manner of receipt. This directive applies to evidence received from New York authorities, as well as information obtained through any federal government source. Both the government and the defense may submit whatever additional evidence they wish.

The motion for a new trial under Rule 33 will be deemed continued until such evidence is reviewed.

SO ORDERED.